IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES EDWARD JEFFERSON,
#09646-042                                                                          PETITIONER

VS.                                                     CIVIL ACTION NO. 3:19-cv-754-DPJ-FKB

WALTER VEREEN, WARDEN                                                       RESPONDENT

## REPORT AND RECOMMENDATION

Before the Court is a petition for habeas corpus relief brought by federal prisoner James Edward Jefferson. *See* 28 U.S.C. § 2241. Petitioner was incarcerated at the Yazoo City Federal Correctional Complex at the time he initially filed the action. [1] at 1. In his petition, Jefferson challenges his convictions for felon in possession of a firearm based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [1] at 2. Respondent asserts, *inter alia*, that Jefferson has procedurally defaulted his claims. [11]. Having considered the filings, the undersigned recommends that the petition be dismissed as moot.

A case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990)). Since Jefferson filed this petition, he has been released from the custody of the Bureau of Prisons. According to the web site of the Bureau of Prisons, Jefferson was released from custody on August 4, 2022. *See* Bureau of Prisons, https//www.bop.gov/inmateloc/ (last visited Sept. 19, 2022).

For this reason, the undersigned recommends that the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days

after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 19th day of September, 2022.

/s/ F. Keith Ball      .
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).