UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES EDWARD JEFFERSON                                                                    PETITIONER

V.                                                              CIVIL ACTION NO. 3:19-CV-754-DPJ-FKB

WALTER VEREEN                                                                              RESPONDENT

ORDER

Petitioner James Edward Jefferson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which allows such a writ "only on the grounds that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." The matter is before the Court on the Report and Recommendation (R&R) [13] of United States Magistrate Judge F. Keith Ball, who recommends dismissing the petition as moot.

The Court mailed Jefferson a copy of the R&R so he could draft and file an objection; it was returned as undelivered. *See* Returned R&R [14]. That happened because, as outlined in Judge Ball's R&R, Jefferson was released from prison on August 4, 2022. R&R [13] at 1. Due to his release, Judge Ball determined that there was no longer a live controversy, thus mooting the case. *Id.*

Ordinarily, Jefferson would have a right to file objections, but he failed to provide his new address to the Court. Regardless, Judge Ball was correct, the case is moot. While Jefferson satisfied the "in custody" requirement for purposes of pursuing relief under § 2241, he must also satisfy the case-or-controversy requirements under Article III, Section 2 of the Constitution. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021). There must be an "actual case or controversy at all stages of the judicial proceedings." *Id.* (quoting *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020)). Thus, if the Court cannot grant effectual relief to Jefferson, the

case is moot.  *See id.* (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

In his petition, Jefferson asks that "counts Five,[]Six and [S]even be vacated and Petitioner [be] resentenced without those counts."  Pet. [1] at 7.  While the exact terms of his release are unknown, it is possible that a resentencing could modify the terms of his supervised release.  The Fifth Circuit has held that a petition under § 2241 is not moot if, although the petitioner is no longer in custody, the Court could modify the terms of supervised release.  *See Herndon*, 985 F.3d at 447 (citing *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006)).

But this Court lacks jurisdiction to modify the terms of Jefferson's supervised release because he was sentenced in a different district.  *See id.* at 447 ("Absent a transfer of jurisdiction over a prisoner's term of supervised release . . . only the sentencing court has authority to modify the terms of a prisoner's supervised release").  Because Jefferson was originally sentenced in the Northern District of Mississippi, Pet. [1] at 2, there is no remaining relief this Court can provide, and the case is moot.

Accordingly, the Report and Recommendation [13] is adopted as the Court's opinion; Jefferson's Petition [1] is dismissed.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 29th day of September, 2022.

s/ *Daniel P. Jordan III*<br>CHIEF UNITED STATES DISTRICT JUDGE